Harper J.
delivered the opinion of the Court.
The Court concurs with the presiding Judge in this case. The note or writing .sufficiently purports a consideration. The defendant, however, relies on the plaintiff’s answers to interrogatories, to shew that it was without consideration.
It is said, that “if a person pay money which another was under a legal or moral obligation to pay, though without his knowledge or request, the law raises an assumpsit; as in the case of goods distrained by the commissioners of the land tax, if a neighbour should redeem the goods and pay the tax he may maintain an action against the owner for the money so paid ; so if a person bury the wife or child of another, he may recover back the expenses incurred by it from the father or husband.” Bac. Abr. Assumpsit, D. referring to Jenkins v. Tucker 1 H. Bl. 90. In Hawkes v. Saunders, Lord Mansfield said, “ Where a man is under a moral obligation, which no Court of law or equity can enforce, and promises, the honesty and rectitude of the thing is a consideration.” Cowp. 290.
I suppose the moral obligation spoken of must be what moralists call a perfect obligation — an obligation of justice, and not of benevolence or piety. Therefore, if a man should pay money to relieve the distresses of my father or mother, this perhaps would be no consideration for my promise to reimburse him : Otherwise it seems in the case of a wife, or son, for whom I am *58 bound to provide. See cases referred to by Wilmot X 9 Suit. 7 672. Serjeant Williams in his note (l) to Saunders 1 vol. 2'64, says, “ But where a party derives benefit from the consideration, it is sufficient, because equivalent to a previous request; as where a man pays a sum of money, or buys goods for me without my knowledge or request, and afterwards I agree to the payment, or receive the goods, this is equivalent to a previous request to do so.” I think the cases point to a distinction of this sort, which is probably the correct one — Where a person is under a legal obligation to pay money, and another pays it for him without request, the law raises an implied assumpsit, to refund without any express promise on his part: But where he was not under any legal obligation, but receives the benefit of a payment made, or labour done by another ; as if a person see the fence of my field decayed, and out of kindness pay another to repair it, and I promise to reimburse him ; or if he repair it himself, and I promise to pay him for his trouble, here the express promise is good. See Watson v. Turner, Bull. N. P. 129. Atkins v. Banwell, 2 East 505. Wennall v. Adney, 3 Bos. & Pull. 247. Here the evidence is, that the defendant did receive the benefit of the debts, contracted by Mrs. Herndon, and paid by the plaintiff.- They were contracted for the benefit of the children of whom he was one. The motion is therefore refused.